In the United States District Court
For the District of Columbia

| | | |
|---|---|---|
| Michael Ellis,<br>　　　　Petitioner | §<br>§<br>§ | |
| V. | §<br>§ | Cause No. 1:12-CV-655 |
| Comm'r. Internal Revenue,<br>　　　　Respondent | §<br>§<br>§ | Judge A. Jackson, presiding |

---

## FIRST AMENDED COMPLAINT / PETITION FOR INJUNCTION

---

The Internal Revenue Service[1] manipulates and falsifies two related databases, the "Individual Master File"[2] (IMF) and the "Audit Information Management System" (AIMS), to provide itself a power which Congress has not, i.e., to create "Substitutes For Return" for those who allegedly 'fail to file' individual income tax returns. After falsifying its internal records, IRS creates falsified "certifications" for use by the Dept. of Justice to "avoid problems" arising when IRS experts are cross-examined concerning falsified IMF records.[3] This case is filed to stop the harm caused to Petitioner and to the United States Government, its Courts and its people.

---

[1] All references to the Commissioner herein do not refer to him personally, but to the Service.

[2] The IMF was created to direct the enforcement activities of the Commissioner's delegates, who take actions against persons pursuant to that record. (See 1996 Internal Revenue Manual MT 3000-353, pg. 30(55)0-4 Section 2, "Concept of Individual Master File (IMF)". Thus it must be **absolutely accurate**.

[3] The DOJ's Criminal Tax Manual, Section 40.03 discusses IRS Certificates in the context of hearings:
　　"Admissibility of IRS Computer Records. The introduction of the actual Individual Master File IMF) transcript of account through a witness can open the witness to cross-examination by the defense about every code and piece of information contained in the transcript. **In order to avoid this problem, it may be wiser to simply offer IRS computer records at trial in the form of Certificates of Assessments and Payments, certified documents reflecting tax information kept on file at the IRS.**" [Emphasis added.]
The advice quoted borders on concealment of exculpatory evidence, as shown below.

Ellis Comm 1ST AMD. PET. Injunction / Mandamus　　　　　　　　　　　　　　　　Page 1

RECEIVED
Mail Room
MAY 29 2012
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

**Jurisdiction of the Court**

Jurisdiction of the Court is based on 5 USC §§552A(a)(E)(5) and552A(g)(1)(c) and (d), 28 USC §1651, 28 USC 1331 and the Court's inherent equitable powers, since the Defendant falsifies his records and 'certificates' regarding his records to defraud unsuspecting U.S. judges, thus changing the outcome of cases.

**Relief Sought Is NO Bar To Case**

In this action Petitioner seek s no relief specific to him or to any IRS action against him. Petitioner is <u>not</u> seeking "declaratory" relief of any kind, hence **28 USC §2201** does not apply. [See *RAMER v. U.S.* 620 F.Supp.2d 90 (2009).] Neither is Petitioner attempting to restrain or enjoin any pre-assessment, assessment or collection activity, or to enjoin preparation of any SFR or to 'amend' any falsified record.[4] The relief Petitioner *is* seeking is a finding the Commissioner falsifies his records and certificates, and to generally enjoin the Commissioner from falsifying *in the future* his computer records and court-ready certifications, (as proven from his falsified records concerning Petitioner), as explained sufficiently below. Thus this cause does not fall within the ambit of the Anti-Injunction Act,[5] which can never be posited to shield from judicial review a scheme to falsify records and certifications to defraud United States courts, especially when the scheme involves the Justice Department.[6]

---

[4] And please note Petitioner presents evidence from IRS records concerning himself ONLY to support a finding that specific unlawful conduct deserving enjoinment actually happens. Petitioner could supply the exact same evidence of the IRS scheme from the falsified IMF records the Commissioner maintains concerning several other individuals.

[5] The policy behind the Act is "to protect the government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement interference" from courts. *Bob Jones University v. Simon*, 416 U.S. 725. The Act shields only assessment and collection activities from judicial review, not a scheme to falsify records and court-ready certifications. By analogy, the Act no more shields IRS database/certificate fraud from judicial review, than judicial immunity shields schemes among judges and clerks to falsify dockets. Schemes to falsify federal records are not related to any legitimate government function, hence no Act or immunity prevents judicial review in either case.

[6] See Relief Requested, 4.

**No Other Remedy, Extraordinary Circumstances**

No administrative or other legal remedy is available to compel the Commissioner to cease falsifying his records *in the future*. Tax Court is unavailable because this suit does not challenge a "Notice of Deficiency", i.e., the <u>amount</u> of any assessment. A refund suit in a district court is likewise inadequate remedy because Petitioner is not seeking return of taxes assessed and overpaid. The facts that the IRS falsifies its records and its certifications for use in courts of the United States, presents absolutely extraordinary circumstances. Since no other remedy exists to accomplish the goal of this suit, resort to the Court's equitable remedies is appropriate.

**Standing**

The Commissioner's maintenance of falsified IMF records and certifications in regard to Petitioner is an ongoing violation of the latter's protected right to due process of law, and is causing further injury to Petitioner and his reputation, due to the ongoing liens and levies IRS issued based on falsified records. But Petitioner specifically <u>does not</u> challenge the validity of the Commissioner's liens, levies or falsified records in this action, and seeks no relief whatsoever concerning himself specifically. Petitioner seeks this primary general goal: to enjoin the Defendant from falsifying his internal records and certifications to defraud Petitioner and U.S. Courts *in the future* in the manner currently executed by the IRS.

**Background/ Foundation**

It is not <u>essential</u> to this case to determine whether the Commissioner has authority to issue SFR 1040's.[7] But it is important to consider the question to ensure that Petitioner's allegations of IRS record falsifications are properly grounded, and not deemed 'baseless', 'fanciful', 'delusional',

---

[7] Congress' enactment of 26 USC §6014 regarding 1040<u>A</u> elections authorizes IRS to compute such returns on behalf of those who so "elect". Although 26 USC §6020 grants authority to the <u>Secretary of the Treasury</u> to compute various returns for those who should have, no extant Treasury Delegation Order appears to authorize *the Commissioner* to create SFR 1040's.

'frivolous', etc. Thus Petitioner sets forth acts and records of the Service regarding him, simply to provide a foundation or context for his allegations.

**Foundation: Does Authority Exist allowing creation of 1040 SFR's?**

Using the Commissioner's actions against Petitioner only for purposes of establishing context, [See Footnote 4.], evidence will show the Service's claim against Petitioner for 2007[8] was grounded on a "6020(b) Certification", which was prepared for possible use in any court of the United States. A 6020(b)[9] certifies that a substitute for return ("SFR 150") has supposedly been performed, and is always attached to a particular set of accompanying documents.

A 6020(b) certification and accompanying documents regarding Petitioner and 2007 was created in April 2010 by "Exam. Manager Maureen Green". Her certification falsely claims "Treasury Delegation Order 182" supposedly authorizes the Commissioner to create a Substitute for Return 1040. Yet contrary to said certification, TDO 182 apparently[10] has never granted authority to IRS personnel to complete a "Substitute for Return 1040". Maureen Green's incorrect claim in her 6020(b) that her authority is supposedly based on TDO 182 is not a "mistake", since IRS *always* cites TDO 182 whenever it creates Form 13496 6020(b) certifications in regard to SFR 1040's.

The Commissioner has no visible source of power authorizing preparation of substitutes for returns for those who allegedly 'fail to file' individual income tax returns, (although a person

---

[8] The "IMF Complete" transcript for the account concerning Petitioner proves that for every tax year (or "module" in IRS parlance) since 1995 IRS has used the exact same process described herein. The identical process can be viewed from the records of many others similarly situated.

[9] A properly completed SFR 6020(b) is mandatory in a civil case against a person who supposedly failed to file a return. In the Tax Court case of another person, the DOJ attorney representing IRS began his "Pretrial Memorandum" for the Court with:
>  "Petitioner XXX did not file a tax return for the taxable year 2005. Respondent prepared a substitute for return on XXX's behalf per I.R.C. §6020(b)."

[10] Petitioner says "apparently" because no copy of TDO 182 is made available to the public by IRS.

may "elect" for the IRS to complete a 1040*A* pursuant to 26 USC §6014, as explained next).[11]
However, Petitioner is not requesting a finding concerning the Commissioner's authority to perform 1040 SFR's. That issue was raised solely to provide a reasonable foundation upon which to consider the unarguable record fraud being committed by IRS, which *is* the focus of this case.

**Systematic falsification of IRS records**

Regardless of whether the Commissioner has authority to issue SFR 1040's, he falsifies his records and certifications to defraud individuals and the United States Courts. His "Automated Substitute For Return" Program" ("ASFR") imports false entries into a "non-filer's" "Individual Master File" to give the false appearance such person "elected" to have the Commissioner compute a "1040*A*" return. For a specific example, on January 13, 2010, by performing a certain sophisticated interplay between two of the Commissioner's closely-related databases,[12] he created the illusion in the IMF records he maintains for Petitioner concerning 2007 that the latter elected for the Commissioner to compute Petitioner's taxes pursuant to 26 USC 6014 and its related regulations, §§1.6014, -1 and -2, when Petitioner *made no such election.*

That database interplay resulted in four crucial pieces of information being entered into the IMF assigned Petitioner, including the all-important phrase "SFR 150".[13] Immediately thereafter, to

---

[11] Resolution of this suit concerning IRS' behavior, documents and record fraud may answer the ultimate question hanging in the air: whether or not there is an actual duty to file an individual income tax return. If there were, the Commissioner would not have to resort to record fraud to make it appear someone asked IRS to perform a 1040*A* SFR, in order to perform an assessment. In other words, this case may resolve whether or not there is such a thing as a 'willful failure to file' an individual income tax return.

[12] His "Master File" software contains so-called "Individual Master Files", or "IMF" records for each "taxpayer". His Audit Information Management System, a.k.a. "AIMS", is an adjunct computer workspace related to the IMF software wherein "Examinations" staff creates documents concerning IMF accounts. The Commissioner's AIMS Reference Guide provides the proof of the precise procedure he uses to make the orphan phrase "SFR 150" and the amount due of "0.00" appear in an IMF.

[13] For the information of the Court, in IRS argot, a transaction numbered "150" in an IMF reflects the filing of a return by a person, but the phrase "SFR 150" means IRS prepared a "substitute for return".

conceal how the phrase "SFR 150" was injected into the IMF data assigned to Petitioner, IRS used a second, similar inter-database play which <u>deleted</u> from sight in the printed IMF the transaction <u>number</u>[14] of the preceding manipulation, but left behind the critical, false phrase: "SFR 150", as well as indisputable evidence of this fraud, to wit:

The excellent IMF software is programmed to assign a "Document Locator Number" ("DLN") with every transaction, <u>even when the transaction itself is removed from view</u>. The DLN assigned on the date the phrase "SFR 150" appeared in Petitioner's printed IMF for 2007 contains the damning number "10" in its fourth and fifth digits, [15] which reveals that a "fully paid 1040<u>A</u>" is the subject of that transaction. This means, the IRS manipulated its databases on January 13, 2010 to falsely reflect in the IMF assigned to Petitioner that he elected for the IRS to compute a 1040<u>A</u> return, and to reflect as well the Service's supposed performance of such return. [Database falsification is not an "assessment or collection-related activity" shielded from judicial review by the Anti-Injunction Act.]

Many weeks after January 13, 2010, when the orphan, baseless phrase "SFR 150" was imported into the IMF data assigned to Petitioner, "Maureen Green" completed in April, 2010 the <u>initial</u> "examination" in Petitioner's case. Then she appended a 6020(b) Certification thereto, wherein she falsely claimed Treasury Delegation Order 182 authorized her to perform her substitute for return. Still later, the Commissioner created another fraudulent "Certification", (a "Form 4340") to help the DoJ prevent cross-examination of IRS experts concerning the Commissioner's lack of authority to perform a SFR 1040, if litigation were to arise in the matter. (See Footnote 3.)

---

[14] A transaction number is automatically generated for every input into an IMF. The initial entry caused a very revealing transaction number ("424") to appear in the IMF, so IRS felt the need to delete it.

[15] The fourth and fifth digits in a DLN "identifies the specific type of return or document that was processed". See IRS' "Processing Codes and Information Manual", pg 1-11, link here to 2012 version: http://www.irs.gov/pub/irs-utl/6209-section1-2012.pdf

Specifically, the "Form 4340" created by the Commissioner regarding Petitioner for the year 2007 would mislead any judicial officer, since the Form falsely states that the January 13, 2010 date when the phrase "SFR 150" was inserted into the IMF data assigned Petitioner was the date the initial assessment/1040 Substitute For Return was supposedly performed. Neither Ms. Green nor the April 2010 date she ostensibly performed her "substitute for return" 6020(b) are referenced, thus preventing cross-examination of an IRS witness concerning the Commissioner's lack of authority to perform a substitute for 1040 return. Of course, contrary to the falsified 4340 certification, no SFR occurred on 13 January 2010 regarding Petitioner, who certainly never elected for IRS to perform any 1040<u>A</u> for him.

## HARM TO THE GOVERNMENT/INDIVIDUALS

If the Commissioner is not enjoined from falsifying his records and certifications based thereon for court use, he will continue defrauding U. S. Government Courts and his individual victims, in the manner proven by his records concerning Petitioner, falsifying his records and certifications to provide himself a power Congress has not granted.

## PRAYER FOR RELIEF[16]

Petitioner respectfully requests the Court:

    1. Find that the Commissioner falsifies his IMF records and certifications based thereon;

    2. Find that the Defendant creates falsified certifications used by the Department of Justice in United States Courts, and that injunctive relief is appropriate to prevent a recurrence of this conduct;

---

[16] Please note Petitioner seeks only a general injunction to enjoin the Commissioner from falsifying any computer record and certification in the manner alleged and proven. Petitioner has not requested relief specific to *himself*, in order to prevent any possible construction this case impermissibly seeks restraint of information-gathering, assessment or collection of taxes. This Court has inherent jurisdiction to issue such a general ban, since the Agency commits computer crime and issues falsified certifications to defraud United States courts, in complicity with the DoJ. No statute deprives this Court of its inherent power to prevent deliberate contamination of the judicial process. Please note that any mistaken order which limits relief to the records IRS keeps concerning Petitioner has NOT BEEN REQUESTED, and would permit the Defendant to continue defrauding other United States courts.

3. Enter a permanent injunction prohibiting the Commissioner his representatives, agents, employees, attorneys, those persons in active concert or participation with him, and through any other name or entity, from directly or indirectly:

   a. Falsifying/manipulating in the future any computer system records (such as the Individual Master File/CADE), to give the appearance someone elected to have the Commissioner compute a substitute for return for them, when no such election was made;

   b. Falsifying/manipulating in the future any computer system to show IRS staff supposedly prepared and filed an assessment/substitute for return on a certain date when no such assessment/substitute for return was actually prepared on that date;

   c. Making or inferring in any "certification" or documentation created for any use whatsoever, the false claims that:
      i. the source of authority to complete a Substitute for Return for those failing to file an individual income tax return is supposedly Treasury Delegation Order 182; and that
      ii. a Substitute For Return was supposedly prepared on a date when it was not;

4. Enjoin the Commissioner, his officers, agents and employees from colluding with the Department of Justice to create layered certifications to "avoid problems" arising when IRS expert witnesses are cross-examined regarding Individual Master Files, any individual income tax return, or any issue related thereto;

5. Order that the United States and Petitioner be permitted to engage in postjudgment discovery to ensure IRS compliance with the permanent injunction, and

6. Grant Petitioner such other relief, including costs, as is just and equitable.

It is respectfully and submitted,


/s/Michael Ellis
P.O. Box 259
Corsicana, Texas 75151

## CERTIFICATE of SERVICE

This is to certify that a copy of the foregoing First Amended Complaint Petition for Injunction was served via certified United States Mail on May 25, 2012 to

United States Attorney General
950 Pennsylvania Ave. NW
Washington City 20530

Commissioner, IRS
Office of Procedure and Administration
1111 Constitution Ave. NW., Room 5503
Washington City 20224

United States Attorney for the District of Columbia
Civil Process Clerk
555 Fourth Street, NW
Washington City 20530

### Verification

Comes now your affiant, Michael Ellis, over the age of 21 and competent to attest to the facts set forth above, and that each fact related in the FIRST AMENDED PETITION... to which this affidavit is attached is absolutely true and correct to the very best of my knowledge and belief.

_____   _____   5/25/2012
Michael Ellis                Notary:                      Date:

My Commission expires: 2/9/2016

SEAL:
Savannah Lee Wood
My Commission Expires
02/09/2016